ELIJAH LEE HENSLEY, ET AL.

v.

DONALD LEIF DREYER, ET AL.

Record No. 930155

January 7, 1994

Present: All the Justices

*Roger A. Inger* for appellants.
*Linda I. Dodge* for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

Pertinent to this controversy, Code § 8.01-377 provides that when, at trial, there appears to be a variance between the evidence and the allegations, the court "if it consider that substantial justice will be promoted and that the opposite party cannot be prejudiced thereby," may, instead of allowing the pleadings to be amended, direct that the facts be determined. The statute further provides that after such factual finding, the court "shall give judgment according to the right of the case," if it considers that the variance "could not have prejudiced the opposite party."

In this appeal, the broad question presented is whether the trial court, after finding a variance between the evidence and the allegations, erred in ordering rescission of a deed on the basis of mutual mistake of fact when the plaintiffs sought rescission on the theory of fraud.

In May 1986, appellants Elijah Lee Hensley and Frances E. Hensley agreed to sell and appellees Donald Leif Dreyer and Christine Debra Dreyer agreed to buy a residential lot in Fauquier County that the sellers had acquired about a month earlier from Robert I. Kennedy, Jr., and Evelyn A. Kennedy. The Hensley-Dreyer written purchase agreement specified that the property included "existing well & septic system." The purchasers planned to build a three-bedroom dwelling on the lot after clearing a fire-damaged structure from the land. In making representations about the existence of the septic system on the lot, the sellers had relied on a February 1986 letter from the Fauquier County Health Department to the Kennedys stating: "Records indicate enough drainfield for a 3 bedroom house."

In June 1986, after closing of the sale and after the purchasers began construction, the Health Department notified the purchasers that the drainfield the sellers had represented as servicing the lot actually was located on adjacent property. As a result, the Health Department had the building permit issued to the purchasers "voided." Subsequently, the purchasers' application for an on-site sewage disposal system was denied due to "unacceptable soil conditions" on the lot.

In August 1986, the purchasers filed a bill of complaint against the sellers reciting the foregoing facts and alleging that the sellers "repre-

sented as true the existence of such septic system, when such information was in fact false." The purchasers alleged that, as a result of reliance on the false information, they sustained damages "in the nature of construction materials, time and labor expended for such construction in the amount of $50,000.00 and $24,000.00 for the acquisition of the realty." The purchasers, alleging that "as a result of such fraud" they have been denied the benefit of their bargain, prayed for rescission of the deed and for an award of damages.

The sellers answered and denied making "any fraudulent representations as alleged." The sellers also filed a third party cross-bill under Rule 2:14 against the Kennedys seeking indemnification for any judgment that may be entered against the sellers in favor of the purchasers.

Subsequently, the purchasers filed an amended bill of complaint adding the State Department of Health and the Fauquier County Health Department as parties defendant. The allegations against the sellers in the amended bill were the same as the allegations of the original bill and were included in a count labelled "Rescission and Fraud." The purchasers sued the public bodies in negligence alleging they were "diverted" from making inquiry about the location of the drainfield by certain health department documents indicating a drainfield was in fact located on the subject lot. In May 1989, the trial court entered an order sustaining a special plea filed by the health departments on the ground that the claim against them under the Virginia Tort Claims Act was time-barred. In October 1989, this Court refused the purchasers' petition for appeal challenging this dismissal.

In April 1990, the court below entered a pretrial order framing the main issue as: Were the purchasers "defrauded (whether by actual or constructive fraud) by the representation(s)" of the sellers "such that they are entitled to equitable relief in rescission of the subject Deed to real property?"

In November 1990, the trial court held an ore tenus hearing. The purchasers presented evidence that the sellers had "deliberately" misled them "as to the existence of and the location of the drainfield." However, Mr. Dreyer, one of the purchasers, testified that the sellers "may have innocently misled" them into believing "that a functioning drainfield existed upon the subject property."

The record shows that the sellers moved to strike the purchasers' evidence both at the conclusion of the purchasers' case-in-chief and at the conclusion of all the evidence upon the ground that the purchasers "had failed to prove actual fraud on the part of" the sellers. The record also shows that neither the trial court nor counsel gave any

indication at trial that a variance existed between the evidence and the pleadings. At the close of the purchasers' case-in-chief, the sellers nonsuited the cross-bill against the Kennedys.

The chancellor took the matter under advisement and, in September 1991, ruled in favor of the purchasers in a letter opinion. The court found "this controversy to be the result of plain mistake and not the effect of fraud or contrivance." The court specifically found there was "no constructive fraud." After noting that the "real villain is the Health Department" that is "no longer a party," the chancellor wrote, "It devolves upon the Court to fashion such remedy as equity can at this stage of the proceedings."

Referring to post-trial discussions, the chancellor stated it was "conceded by counsel that the Court had the power to grant leave to the complainants to amend to plead mutual mistake." The chancellor went on to state there was no objection to evidence introduced at trial "because of any variance as contemplated by Code Section 8.01-377, and the Court deems the failure to object to constitute waiver."

Observing that "under the facts of this case substantially the same evidence would have been admissible, irrespective of which theory of recovery had been pleaded," the chancellor stated "that the variance here was not such as could have prejudiced the [sellers], and the Court will treat this suit as one for rescission based on mutual mistake of fact." Accordingly, the court ordered reconveyance of the lot to the sellers and referred the cause to a commissioner in chancery to inquire and report to the court upon the difference in value resulting to the lot as a consequence of the work done by the purchasers.

In an order entered after receipt of the court's letter opinion, the sellers were allowed to withdraw their nonsuit against the Kennedys and that claim was bifurcated. We awarded the sellers this appeal from the October 1992 final decree entered in accordance with the court's prior rulings and entered after the parties settled the issue of the lot's present value.

■ On appeal, the crucial inquiry is whether the trial court correctly ruled, in the language of Code § 8.01-377, that the sellers "could not have been prejudiced" by the court's action in ordering rescission for mutual mistake of fact once it determined that a variance existed between the evidence and the purchasers' allegations of fraud.

Contending that the trial court did not err, the purchasers argue the parties believed they were selling and buying respectively a lot that would allow construction of a three-bedroom home with appropriate toilet facilities. Conceding that "it may be true that mistake of fact

was not literally pled," the purchasers argue that the "underlying transaction, the agreement and the equitable relief sought to be proven are all the same. The variance simply alters the mode of seeking rescission."

Also, the purchasers argue there is some "overlap" among the requirements to prove constructive fraud versus mutual mistake of fact to support rescission (*i.e.,* the fact misrepresented or the term mistaken must be material, must be acted upon, and must result in damage). Thus, they say, the case they proved was not "wholly different from the one alleged." They maintain the sellers "are not now prejudiced" by the trial court's recognition that the sellers and purchasers "were operating and bargaining under a mutual mistake of fact which, like fraud, gives rise in equity to rescission." We disagree.

We adhere to the principle that a court may not base a judgment or decree upon facts not alleged or upon a right, however meritorious, that has not been pleaded and claimed. Every litigant is entitled to be told in plain and explicit language the adversary's ground of complaint. *Ted Lansing Supply Co.* v. *Royal Aluminum and Constr. Corp.,* 221 Va. 1139, 1141, 277 S.E.2d 228, 230 (1981). Like any other rule, however, this principle must be reasonably applied, keeping in mind that its purpose is to prevent surprise. *Kennedy* v. *Mullins,* 155 Va. 166, 180, 154 S.E. 568, 572 (1930).

In a case of variance, Code § 8.01-377 gives a trial court the discretion to apply the foregoing rule reasonably either by permitting amendment of the pleadings (and possibly postponing the trial) or, in lieu of amendment, by having the facts determined and rendering judgment, but only on the condition that no prejudice results. While the statute is remedial in purpose and should be liberally construed, *Provident Life and Accident Ins. Co.* v. *Walker,* 190 Va. 1016, 1025, 59 S.E.2d 126, 130 (1950), it should not be interpreted in a manner inconsistent with its plain language. *City of Richmond* v. *Richmond Metro. Auth.,* 210 Va. 645, 648, 172 S.E.2d 831, 833 (1970).

We hold the trial court abused its discretion by concluding, in a manner inconsistent with the statutory language, that the variance "could not have prejudiced" the sellers. The court's decision based on mistake of fact when fraud had been alleged, and when the entire matter had proceeded on that theory, prevented the sellers from offering evidence in support of at least one settled maxim of equity jurisprudence. That maxim denies relief based upon a mutual mistake of fact when a written instrument is involved and the equities are equal.

■ When "each party is equally innocent, and there is no concealment of facts which the other party has a right to know, and no surprise or imposition exists, the mistake or ignorance, whether mutual or unilateral, is treated as laying no foundation for equitable interference. It is strictly damnum absque injuria." 1 Joseph Story, *Commentaries on Equity Jurisprudence* § 223 (14th ed. 1918). This may be such a case, given the evidence. Yet the sellers, resisting rescission, were denied the opportunity to develop this issue. This could have prejudiced the sellers within the meaning of Code § 8.01-377.

■ The purchasers point out that the appellate record does not contain a transcript of the trial, only a Rule 5:11(c) written statement of facts. Thus, they argue, there is no basis to conclude that no evidence was submitted to the trial court on mutual mistake of fact, and the decision below must be presumed correct and binding on appeal. But even though we do not have the benefit of a transcript of the trial testimony, we do know from the agreed statement of facts, as well as from a detailed recitation of facts in the chancellor's letter opinion, that the foregoing equitable maxim was the subject of neither evidence nor argument; the record is completely silent on the issue and we must conclude that the sellers never had the opportunity to develop that aspect of the mistake issue.

■ Finally, we reject the purchasers' contention that the trial court correctly ruled that the sellers waived their right to object to the variance based on mistake. There can be no waiver when, as here, mistake has not been alleged and the evidence offered was relevant to the fraud theory on which the case was tried.

Accordingly, the decree based on mistake will be reversed. The trial court, upon finding that fraud had not been proved, erred in denying the sellers' motions to strike the evidence. Thus, we will enter final judgment here in favor of the sellers dismissing the bill of complaint because the purchasers failed to prove fraud.

*Reversed and final judgment.*