## CIRCUIT COURT OF WARREN COUNTY

Mark Peterson et al.

v.

Stephen L. Bass et al.

### February 22, 1999

### Case No. (Chancery) 98-58

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on February 16, 1999, on the Defendant BDI's Motion for Summary Judgment. The Plaintiff subsequently filed a Motion to Reconsider the earlier ruling of the Court on the issue of BDI's constructive fraud. Upon consideration of these motions, the Court has decided that the Plaintiffs must file a bill of particulars with respect to their fraud claims against the various defendants and that the Court will defer ruling on the various motions for summary judgment pending the plaintiffs' filing of their bill of particulars.

### I. *Statement of Material Facts*

It appears from the memoranda and pleadings of the parties that there is no dispute about the following material facts, except where indicated.

Defendant Basses formerly owned a residence in Warren County, which they listed for sale with real estate broker Llewellyn who trades as Skyline

Realty which is owned by Defendant Thompson. Stephen Bass was also the general contractor who built the Bass residence.

The Petersons engaged the services of Defendants Roberts and Colling of Century 21 Champions Realty to show them homes in Warren County, Virginia. The Petersons were shown the Bass residence, and the Petersons claim that Roberts and Colling were negligent in their representation of the Petersons. Bill of Complaint, Count IV.

On February 19, 1997, Plaintiffs entered into a contract to purchase the Bass residence in Warren County. Pursuant to the sales contract, Defendant BDI was hired to perform an inspection of the Bass residence, which inspection report listed numerous deficiencies in the Bass residence. Despite the deficiencies listed on the BDI inspection report, the Petersons closed on the contract to purchase the Bass residence on April 25, 1997.

After moving into the house, the Petersons allege that they discovered numerous "significant defects to the house, including but not limited to extensive and continuing water damage, structural defects and violations of building practices to the house ... ." Amended Bill of Complaint, ¶ 14. The BDI report noted deficiencies with respect to both water and structural problems in the Bass residence.

Pursuant to this Court's order of September 23, 1998, the Plaintiff's filed a multicount, amended bill of complaint. Count II, is a statutory right of action against the Basses based on alleged misrepresentation in the residential property disclosure statement pursuant to Virginia Code § 55-524(B). Count III is a fraud count against the Basses and Llewellyn. Count IV alleges the Negligence of Colling and Roberts. Count V is a constructive fraud count against Bass and Llewellyn.

There is also a Count V Fraud Count alleging the actual fraud of BDI. BDI has filed a motion for summary judgment to this count, which the plaintiff opposes. The Plaintiff has also asked that the Court reconsider its earlier ruling and permit Count V to include constructive fraud of BDI.

BDI premises its motion for summary judgement on the fact that BDI's inspection report disclosed "numerous discrepancies and problems with the house . . ." and the BDI report did in fact list many deficiencies. See BDI inspection report. If the deficiencies were accurately noted by BDI, then obviously those deficiencies cannot be the foundation of a fraud action.

## II. *Conclusions of Law*

1. Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc,* 245 Va. 135, 139, 427 S.E.2d 189 (1993). The Supreme Court of Virginia frowns on the short-circuiting of litigation where there are genuine issues of fact in dispute or conflicting inferences which may be drawn from uncontested facts. *See Renner v. Stafford,* 245 Va. 351, 429 S.E.2d 351 (1993), and *CaterCorp v. Catering Concepts,* 246 Va. 22, 431 S.E.2d 277 (1993) (ruling on demurrer).

Given the general nature of the allegations concerning the fraud, i.e., there are major water and structural problems, the Court cannot tell whether or not there is a material dispute about the facts, so the Court is going to defer ruling on the motions for summary judgment pending the Plaintiffs' filing a bill of particulars with respect to their various fraud claims.

2. The problems in assessing the various claims asserted in this case derives from the general, conclusory allegations of fraud in the amended bill of complaint, which was a problem in the original bill of complaint which has not yet been satisfactorily corrected.

Nearly all rights of action are comprised of three parts: (1) breach of a duty that (2) proximately caused (3) damage to the plaintiff. In all cases except negligence cases, it is necessary to plead the factual basis of the violation of a duty and that the violation caused certain damages to the plaintiff. While modern pleading practice is not formalistic, nonetheless certain basic rules must be observed.

Supreme Court Rule 1:4(d) provides that:

> Every pleading shall state the facts on which the party relies in numbered paragraphs, and it shall be sufficient if it clearly informs the opposite party of the true nature of the claim or defense.

The Supreme Court continues to "adhere to the principle that a court may not base a judgment or decree upon facts not alleged or upon a right, however meritorious, that has not been pleaded and claimed. Every litigant is entitled to be told in plain and explicit language the adversary's ground of complaint." *Hensley v. Dreyer,* 247 Va. 25, 30, 439 S.E.2d 372 (1994).

In *Harrell v. Woodson,* 233 Va. 117, 121 (1987), the Supreme Court stated that:

The common-law system of pleading, for all its complexity, had the merit of permitting each party to require the other to state his claim or defense with great precision before the case matured for trial. The less formal system established by the present rules offers greatly enhanced opportunities for the discovery of an opponent's evidence, but much less opportunity to pin down the legal theories underlying his claim. It is therefore even more important under the present system to insure that each party be fairly informed of the "true nature of the claim or defense." As we said in *Ted Lansing Supply v. Royal Alum.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981): "It is firmly established that no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed. Pleadings are as essential as proof, and no relief should be granted that does not substantially accord with the case as made in the pleading."

As stated in 14B M.J., *Pleading*, § 8: "It is only necessary to state facts, and it is never necessary to aver matters of law. An allegation of a duty, for example, though not unusual, is only a conclusion of law. *What must be stated are the facts out of which the legal duty arises* .... . Pleading conclusions of law is bad pleading and will be treated as surplusage."

A mere conclusion is not a fact which can be met by proof. If the facts are stated, the law determines the conclusion; but the *law will not infer the facts when the conclusion merely is stated.* [Emphasis added.]

There is an exception for negligence cases, because the Rules of Court specifically provide that "an allegation of negligence ... is sufficient without specifying the particulars of the negligence. On motion made promptly, a bill of particulars may be ordered to amplify any pleading that does not, in the opinion of the Court, comply with this rule." Supreme Court Rule 3:16(b). Pleading specific facts is particularly important in fact specific cases like fraud and civil conspiracy. *See, e.g., Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985) (demurrer sustained because motion for judgment was devoid of facts supporting conspiracy count).

Where multi-count motions for judgment are filed, generally jurisdictional and contextual facts, which are common to all counts, are averred first followed by specific counts for each right of action asserted against the various defendants. It is both customary and advisable to identify in the count caption the right of action being asserted and in multi-party cases the defendants

names, for example: "Count I: Breach of Contract against Bass." In each instance, it is necessary to aver specifically what was done to the plaintiff by whom, when, and what damage resulted. Where a statutory violation is claimed, the specific statute allegedly violated must be identified and the facts upon which the violation is predicated must be averred. A good pleading will contain facts supporting every element of the right of action.

Some torts such as defamation and fraud turn upon the exact words alleged to have been used, so in such cases the statements, or sometimes in the case of fraud the precise omissions, upon which the tort is premised must be specifically pleaded. Such cases may turn upon whether the statements alleged contain factual statements as opposed to an opinion, so the actual words upon which the tort of fraud is premised are critical to the pleading and the viability of the action.

Like a large rope, this case may have many factual strands; the more strands, the greater the potential confusion. Some strands may be common to all defendants, but clearly many are not and they need to be separated and repleaded. It is incumbent upon the plaintiffs to clearly plead their case.

The Supreme Court recently considered the issue of the necessity of specific factual averments in a fraud action in *Mortarino v. Consultant Eng'g Servs.*, 251 Va. 289, 295, 467 S.E.2d 778 (1996):

> Initially, we observe, that "where fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence accordingly, and since [fraud] must be clearly proved it must be distinctly stated." *Ciarochi v. Ciarochi*, 194 Va. 313, 315, 73 S.E.2d 402, 403 (1952) (quoting *Alsop v. Catlett*, 97 Va. 364, 370, 34 S.E. 48, 50 (1899)); *accord Campbell v. Bettius*, 244 Va. 347, 351, 421 S.E.2d 433, 435-36 (1992); *Tuscarora v. B.V.A. Credit Corp.*, 218 Va. 849, 858, 241 S.E.2d 778, 783 (1978); *Temple v. Jones, Son & Co.*, 179 Va. 286, 297, 19 S.E.2d 57, 61 (1942). We have stated that the elements of a cause of action for constructive fraud are a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation. *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994); *accord Nationwide Mut. Ins. Co. v. Hargraves*, 242 Va. 88, 92, 405 S.E.2d 848, 851 (1991); *Kitchen v. Throckmorton*, 223 Va. 164, 171, 286 S.E.2d 673, 676 (1982). Additionally, "[a]

finding of ... constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation." *Alequin*, 247 Va. at 148, 439 S.E.2d at 390.

Here, the trial court properly sustained Bernick's demurrer because Mortarino failed to plead, with the requisite degree of particularity, facts which support all the elements of a cause of action for constructive fraud. For example, Mortarino failed to plead that Bernick knew or had reason to know that Mortarino would rely upon Bernick's alleged misrepresentations or that Bernick knew that his representations would be placed in a report that would be used to determine the value of the property.

3. In *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201 (1991), the Supreme reviewed the elements of a viable fraud action:

A litigant who prosecutes a cause of action for actual fraud must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.

A misrepresentation may arise either from a false statement or a failure to disclose a known material defect. Model Jury Instruction 39.010 defines misrepresentation as follows:

A misrepresentation is any words or conduct which produce a false or misleading impression in the mind of another. The misrepresentation must be made concerning an actually existing or past fact. A promise, an expression of interest, or an expectation or opinion concerning the future is not a misrepresentation.

A misrepresentation may result from silence or from the suppression of facts as well as from an affirmative misrepresentation.

In 37 Am. Jur. 2d, *Fraud and Deceit*, § 42, it is stated:

Representations may be made orally, or by writing, or by acts in conduct and arts or artifices calculated to deceive. In order to found

a charge of fraud, it is not essential that a misrepresentation be directly made; if a false impression is made by words or acts in order to mislead and has such affect, it may be sufficient.

With regard to the interplay between a common law fraud action and the Virginia Residential Disclosure Act, the parties are referred to *Beamon v. Green*, 41 Va. Cir. 195 (Fairfax 1996).

4. "It is well settled in Virginia that one who seeks to hold another in fraud must clearly show that he relied upon the acts and statements of the other, and he must be held not to have so relied when it appears that he made his own investigation, whether complete or not, into the subject matter at hand." *Piedmont Trust Bank v. Aetna*, 210 Va. 396, 400 (1969) (plaintiff could not recover in fraud action against insurance agent, because plaintiff had contacted expert in the field of insurance coverage which showed that he did not rely on agent's representations) citing *Poe v. Voss*, 196 Va. 821, 86 S.E.2d 47 (1955) (purchaser had complete opportunity to inspect furnace in the house which he contracted to purchase, so his fraud action was precluded).

"[I]f a purchaser is given or secures information as to the condition of property such as would excite the suspicions of a reasonably prudent man, he is then under a duty to ascertain the true condition for himself and cannot rely upon the representations of the vendor." *Horner v. Ahern*, 207 Va. 860, 863-64, 153 S.E.2d 216, 219 (1967), cited with approval in *Boris v. Hill*, 237 Va. 160, 163, 375 S.E.2d 716 (1989).

The Supreme Court recently considered the question of fraud on the purchaser's duty to make investigations in *Van Duesen v. Snead*, 247 Va. 324, 328-29 (1994):

Concerning an allegation of actual fraud, we have said that "concealment of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist constitutes actionable fraud." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 450, 318 S.E.2d 592, 597 (1984) (citation omitted).

For purposes of an action for fraud, concealment, whether accomplished by word or conduct, may be the equivalent of a false representation, because concealment always involves deliberate nondisclosure designed to prevent another from learning the truth. A contracting party's willful nondisclosure of a material fact that he

knows is unknown to the other party may evince an intent to practice actual fraud. [Citations omitted.]

Our decisions in *Spence* and in *Allen Realty Corp.* reaffirm the principle expounded earlier in *Clay v. Butler*, 132 Va. 464, 474, 112 S.E. 697, 700 (1922): "If a party conceals a fact that is material to the transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment is as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated." ... .

As a general rule the burden is on the purchaser of real property to discover defects. "[A] very important exception to that rule is that the seller 'must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make'." [Cites omitted.]

In this case, an independent investigation was made into the condition of the residence, and many defective conditions in the residence were noted. The BDI report noted deficiencies concerning water as well as structural problems. To hold BDI liable, the plaintiff must allege and prove that there were material deficiencies present on the day that BDI inspected, which would be apparent, and which were not disclosed, or that the BDI report is somehow false, or that the plaintiffs were told to disregard the BDI report.

5. The Plaintiffs now have the benefit of both discovery and the advice of expert witnesses, so the details of the facts upon which they premise their fraud actions should be fully expressed in their second amended bill of complaint in the form set forth in 12A Am. Jur. 2d, *Fraud & Deceit*, Form 121. The refiling is being ordered so that the Court can address the issues raised by the Defendants in their motions for summary judgment, specifically the legal defenses that there is no fraud.

The Plaintiff's case against BDI is based on BDI's alleged failure to "disclose and misrepresented material facts regarding the defects in the House ... ." Amended Bill of Complaint, ¶ 44. BDI has also stated summary allegations of fraud in paragraphs 45 to 47 of the Amended Bill of Complaint. As previously noted by the Court when it earlier sustained BDI's demurrer to the fraud count, the facts upon which the fraud is premised must be specifically pleaded. Viewing the pleading most favorably to the plaintiff at this stage, it appears that the affirmative misrepresentations upon which the fraud is premised are those set forth in the BDI inspection report, because

those are the only affirmative representations referred to in the amended bill of complaint, and that those must be either false or misleading because of material omissions concerning the water problem or the structural problems. See Amended Bill of Complaint, ¶¶ 14 and 15. However, the Amended Bill of Complaint does not state what items in the BDI report, if any, are false. Conversely, it appears that the Plaintiffs' case is primarily based on an alleged failure to disclose a water condition as set forth in Exhibit F to the Amended Bill of Complaint. Exhibit F cites defective grades as contributing to a drainage problem, and the BDI report specifically notes:

> Previous signs of water entry noted, sump pump more recently added ... . Grading: Slope backfill away from home 1/4" per foot, locate/clean drain tile exits: see ASAHI Maintain your home, # 42 for drain tile detail ... . Dirt/stone floor is without a major vapor barrier, consider adding, minor signs of dampness noted ... .

The BDI report also notes the absence of some structural posts and deflection in the floor above, deflection in the roof, and water penetration in the attic. These are water and structural problems reported by BDI, the plaintiffs complain of water and structural problems, so the Court frankly does not understand what the alleged fraud is.

The facts upon which the fraud is premised must be specifically pleaded. See 12A Am. Jur. 2d, *Fraud & Deceit*, Form 121. The amorphous nature of the facts of the alleged fraud was the reason that the demurrers were originally sustained and the plaintiffs permitted to file an amended bill of complaint, but the problem of failing to plead the alleged fraud with specificity is still not corrected. In their bill of particulars, the plaintiffs must set forth in detail the defects in the residence upon which their fraud action is premised. With respect to each defect, they must state how this condition was misrepresented. For example, did the defendant affirmatively represent a contrary condition, such as there are no water problems. Or, did the defendant know of a material fact and not reveal it.

### III. *Decision*

For the foregoing reasons it is adjudged and ordered that:

1. On or before March 3, 1999, the Plaintiffs shall file a bill of particulars in which they shall *set forth in detail the facts* upon which their fraud actions against each defendant are based. They may include facts supporting a count

of constructive fraud against BDI in their bill of particulars. If facts are not in the bill of particulars, they will not be permitted to be proved at trial, since the pleadings govern the relevant evidence at trial, and the bill of particulars will be considered by the Court in its ruling on the outstanding motions for summary judgment. Copies of the bill of particulars shall be faxed to defense counsel, and the Defendants shall have ten days from the receipt thereof to file such responses to the bill of particulars as deemed advisable.

2. Further proceedings on the Defendants' motions for summary judgment will be deferred pending the filing of the bill of particulars.