COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Alston, McCullough and Senior Judge Clements
Argued at Chesapeake, Virginia


MOTOR VEHICLE DEALER BOARD,
  COMMONWEALTH OF VIRGINIA
                                                     MEMORANDUM OPINION[*] BY
v.       Record No. 0080-13-1                        JUDGE ROSSIE D. ALSTON, JR.
                                                     DECEMBER 10, 2013
DAVID BARTON


               FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                              A. Bonwill Shockley, Judge

               Eric K. G. Fiske, Senior Assistant Attorney General (Kenneth T.
               Cuccinelli, II, Attorney General, on briefs), for appellant.

               Jeanne S. Lauer (Inman & Strickler, P.L.C., on brief), for appellee.


        The Motor Vehicle Dealer Board (the Board) appeals an order of the Circuit Court of the

City of Virginia Beach (the circuit court) holding that the circuit court's May 29, 2008 default

judgment order was valid and satisfied the statutory criteria necessary to form a compensable

claim against the Motor Vehicle Recovery Fund (the Fund).[1]  The Board contends that the circuit

court erred:  1) in entering a default judgment based on facts not pled in David Barton's

complaint; 2) reversing the Board's finding that the default judgment did not meet the statutory

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 46.2-1527.3 states, in pertinent part, that

               whenever any person is awarded a final judgment in a court of
               competent jurisdiction . . . for (i) any loss or damage in connection
               with the purchase . . . of a motor vehicle by reason of any fraud
               practiced upon him . . . by a licensed . . . motor vehicle dealer
               participating in the [Fund] . . . the judgment creditor may file a
               verified claim with the Board, requesting payment from the Fund
               of the amount unpaid on the judgment . . . .

criteria to form a compensable claim against the Fund; 3) reversing the Board's finding that the default judgment was not based on fraud in connection with the purchase of a motor vehicle; and 4) awarding attorney's fees to Barton pursuant to Code § 2.2-4030. For reasons that follow, we affirm in part and reverse in part.

## I. Background[2]

"When reviewing a circuit court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003). So viewed, the evidence is as follows.

In October 2006, Barton agreed to purchase a vehicle from TLT Exports, a car dealership owned by Terry Timmerman, for a purchase price of $41,600. Shortly thereafter, Timmerman informed Barton that the vehicle was acquired at auction and would be retrieved by Timmerman in the following weeks. Later, after inspecting the vehicle, Timmerman expressed concern that the car suffered flood damage. He promised to find Barton a suitable replacement, and the parties agreed that the funds Barton advanced would be carried over to the replacement vehicle.

On January 11, 2007, Timmerman informed Barton that a new vehicle had been acquired at auction in Florida. He provided Barton with regular updates throughout the month of January, informing Barton that the vehicle was being inspected, processed, and retrieved. On January 31, 2007, Timmerman became a licensed dealer with the Department of Motor Vehicles.

Barton continued to receive updates and assurances from Timmerman through March of 2007, but had yet to receive the vehicle or its title. Finally, on April 14, 2007, Barton requested a

---

[2] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

refund of his $41,600, which Timmerman agreed to provide. Timmerman never returned Barton's funds.

On November 14, 2008, Barton initiated a lawsuit against Timmerman and TLT Exports. Barton's complaint raised a cause of action for fraud.[3] He alleged that Timmerman took Barton's funds "knowing that the first vehicle did not exist, . . . and retained [those] funds for a new purchase in January 2007 which was never actually made by Timmerman." Barton also alleged that Timmerman also "knew or should have known that [the] funds were not being sent to obtain the vehicle." Finally, Barton alleged that he relied on Timmerman's "continuing representations . . . that the funds . . . were funding the car's acquisition" and that he suffered damages as a result of Timmerman's misrepresentations.

Timmerman did not respond to Barton's complaint. Thereafter, Barton filed a motion for default judgment with the circuit court, which he forwarded to the Board. At the hearing on his motion, Barton supplemented the information in his complaint with oral testimony regarding his claim against Timmerman. Despite notice, the Board did not appear at the hearing on Barton's motion.

The circuit court granted Barton's motion for default judgment. The circuit court's order stated, in part, that "1. [Timmerman] at all relevant times was a licensed motor vehicle dealer; 2. The loss sustained by [Barton] on or about February 15, 2007, [was] the direct result of fraud and fraudulent representations made by [Timmerman, a] licensed dealer during the time of such licensing, and 3. [Barton was] a retail purchaser." The order set damages at $41,600.

---

[3] Pursuant to Code § 46.2-1527.4, Barton forwarded a copy of his complaint to the Board on December 3, 2008. See Code § 46.2-1527.4 ("Any action instituted by a person against a licensed . . . dealer . . . , which may become a claim against the Fund, shall be served to the Board . . . . Included in such service shall be an affidavit stating all acts constituting fraud or violations of this chapter.").

Barton subsequently filed a claim against the Fund, as well as a written statement of fraud that addressed the information he provided during the hearing on his motion for default judgment.

Upon review of the claim, the Board found that Barton's claim was not compensable under Code § 46.2-1527.3. It found that the facts included in Barton's complaint "indicate[d] that the vehicle was purchase[d] . . . prior to Timmerman becoming a licensed dealer by the Board [on January 31, 2007]." Moreover, according to the Board, the default judgment order did not state that the fraud occurred "in connection with the purchase of a motor vehicle." Accordingly, the Board concluded that Barton's claim did not satisfy the criteria for a claim against the Fund set forth in Code § 46.2-1527.3.

Barton appealed the Board's conclusion to the circuit court. There, the Board asserted that its decision was supported by credible evidence. The Board also argued that the default judgment order was not valid to the extent the order deviated from the facts in Barton's complaint.

The circuit court ruled in Barton's favor. The circuit court found that the default judgment order was based on evidence provided by Barton during the hearing on his motion for default judgment as well as his pleadings in his case. In addition, the circuit court held that the default judgment satisfied the statutory criteria in Code § 46.2-1527.3. The circuit court noted that the default judgment order stated that Timmerman was a licensed dealer at the time he made fraudulent representations to Barton. Furthermore, the circuit court concluded that the default judgment order established "fraud in connection with the purchase of a motor vehicle by a licensed dealer." Accordingly, the circuit court reversed the Board's finding and ordered the Board to satisfy Barton's claim against the Fund. The circuit court also awarded attorney's fees to Barton.

This appeal followed.

II.  Analysis

A.  Default Judgment Order

On appeal, the Board argues that a judgment order based on "anything other than what was in the pleadings" is not a valid order and, thus, not compensable under Code § 46.2-1527.3. Further, the Board contends that the default judgment order referred to a loss occurring on February 15, 2007, but that such an allegation was not pled in Barton's complaint.  Rather, the pleadings "clearly established that [Barton's] cause of action was based on actions taken" on January 11, 2007, when Timmerman informed Barton that the replacement vehicle was acquired. Accordingly, the Board asserts that the circuit court erred in entering a judgment in favor of Barton on facts not pled and requiring the Board to satisfy that judgment through the Fund.  We disagree.

The goal of pleading is to provide notice to the opposing party of the claims being presented.  See Rule 1.4(d) (stating that a pleading is "sufficient if it clearly informs the oppos[ing] party of the . . . nature of the claim"), (j) (enjoining brevity in pleading); see also Kent Sinclair & Leigh B. Middleditch, Jr., Virginia Civil Procedure § 8.1[A], p. 622 (5th ed. 2008) ("A pleading should, therefore, inform the adversary parties of what claims or defenses are raised, but it is not necessary to give extensive detail or to cite specific evidentiary matter.").  For that reason, though a court cannot base a decree or judgment on facts not alleged, see Ted Lansing Supply Co. v. Royal Aluminum & Constr. Co., 221 Va. 1139, 1141, 277 S.E.2d 228, 230 (1981), such a rule "must be reasonably applied, keeping in mind that its purpose is to prevent surprise," Hensley v. Dreyer, 247 Va. 25, 30, 439 S.E.2d 372, 375 (1994) (citing Kennedy v. Mullins, 155 Va. 166, 180, 154 S.E. 568, 572 (1930)).

Here, the circuit court's finding of fraud "on or about February 15, 2007," provided sufficient notice to the opposing party of the claims being presented and, thus, could come as no

surprise to Timmerman and, by subordinate application, to the Board.  In his complaint, Barton raised a claim of fraud.  He alleged that he entered into an agreement with Timmerman to purchase a vehicle that later, upon inspection, appeared to have flood damage.  The parties agreed that Timmerman would retain the funds advanced by Barton in exchange for procuring a replacement vehicle.  On January 11, 2007, Timmerman informed Barton that he acquired a suitable replacement at auction in Florida.  Over the following months, Timmerman represented to Barton that the vehicle was being retrieved and inspected en route to Barton.  Barton alleged that he relied on Timmerman's "continuing representations" and suffered damages as a result of Timmerman's misrepresentations.

Barton described Timmerman's "continuing representations" in greater detail during the hearing before the circuit court on his motion for default judgment.  He detailed Timmerman's assurances between January 11, 2007, and February 23, 2007, that the vehicle was en route to Virginia from Florida.  While Barton's testimony included factual detail not addressed in his complaint, his argument before the circuit court did not raise "a new or different claim than" that alleged in his complaint.  Fein v. Payandeh, 284 Va. 599, 607, 734 S.E.2d 655, 659-60 (2012) (rejecting the defendant's argument that the trial court properly limited its ruling in reliance on the principle that a court cannot "base its decree upon facts not alleged," where the plaintiff's "argument was not a new or different claim than made in . . . the amended complaint," though "particularized for the first time").  Barton's testimony merely set forth in more particular detail to the fact finder the continuing representations he alleged in his complaint, from which the circuit court thereby concluded that he suffered loss as the result of Timmerman's fraud "on or about February 15, 2007."

Because the circuit court's judgment order accorded with the claim for fraud alleged in Barton's complaint, we find that the order is valid.  We therefore affirm the circuit court.

B. Compensability Under Code § 46.2-1527.3[4]

The Board next asserts that the circuit court erred in finding that the default judgment order was compensable under Code § 46.2-1527.3.

Under Code § 46.2-1527.3, a judgment creditor may file a claim against the Fund by requesting payment on the unpaid portion of a final judgment against a licensed dealer for any loss suffered "in connection with the purchase or lease of a motor vehicle by reason of any fraud practiced upon him" by the licensed dealer. Upon filing of such a judgment order, "the Board shall make payment from the Fund subject to the other limitations contained in this article." Code § 46.2-1527.5.

The Board contends that the default judgment order "does not make any indication . . . that the fraud was in connection with the purchase of a motor vehicle or that the purchase occurred while Timmerman . . . [was] a licensed dealer by the Board." According to the Board, the judgment order "does not recite findings by the [circuit] court which are a prerequisite to payment by the Fund," and Barton's claim was not compensable. Further, the Board asserts that its finding is a factual issue that this Court "'may reject . . . only if, considering the [evidence] as a whole, a reasonable mind would necessarily come to a different conclusion.'" Appellant's Br. at 17 (quoting Va. Real Estate Comm'n v. Bias, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983)). The Board misconstrues its fact-finding function.

The Board certainly plays a fact-finding role in the process of evaluating a creditor's claim against the Fund. But that role ceases where a valid judgment order addresses the Code § 46.2-1527.3 factors. See Motor Vehicle Dealer Bd v. Morgan, 38 Va. App. 665, 670, 568 S.E.2d 378, 381 (2002) (holding that the Board "had no authority to retry . . . issues" addressed by the circuit court and its "duty was limited to satisf[ying] . . . the judgment"). And where, as

---

[4] For purposes of this analysis, we combine assignments of error II and III.

here, eligibility to recover against the Fund is entirely dependent on the interpretation of a judgment order, it is a question of law. See Burwell's Bay Improvement Ass'n v. Scott, 277 Va. 325, 329, 672 S.E.2d 847, 849 (2009) (stating that "the legal effect of a court order is a question of law").[5]

We first consider whether the circuit court's judgment order was for "fraud in connection with the purchase of a motor vehicle." In doing so, we give deference to the circuit court's interpretation of its order. See Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129, 510 S.E.2d 255, 260 (1999).

The Board claims the order does not present a clear finding that the fraud was in connection with the purchase of a motor vehicle and, thus, contends that the order was not compensable. The circuit court rejected that view below, holding that the judgment order "clearly showed" that Barton was "[d]efrauded in connection with the purchase of a motor vehicle by a licensed dealer."

We agree with the circuit court. To hold otherwise would be to ignore the significant circumstances of this case. See Parrillo v. Parrillo, 1 Va. App. 226, 230, 336 S.E.2d 23, 25 (1985) ("The rules of construction require that if any ambiguity exists in a decree, primary consideration must be given to an interpretation which would support the facts and law of the case in order to avoid a result that will do violence to either."). The judgment order stated that Barton's complaint was the basis for the award. His complaint clearly outlined a cause of action

---

[5] We would reach the same conclusion even under the more deferential standard of review applied to factual findings. See Bias, 226 Va. at 269, 308 S.E.2d at 125 ("[T]he court may reject the agency's findings of fact 'only if, considering the record as a whole, a reasonable mind would *necessarily* come to a different conclusion.'" (quoting B. Mezines, Administrative Law § 51.01 (1981) (emphasis in original))). No reasonable person could conclude after reviewing the judgment order and facts in this case that Barton's claim was not compensable under Code § 46.2-1527.3.

for fraud stemming from Timmerman's fraudulent representations that he used funds advanced by Barton to purchase a vehicle at auction. Accordingly, we affirm the circuit court.

The Board also asserts that the judgment order does not indicate whether Barton's purchase of the vehicle occurred while Timmerman was licensed by the Board. We disagree.

Initially, we note that the Board cites no authority in support of its view that a dealer must be licensed by the Board *at the time of purchase* in order for a claim to be compensable under Code § 46.2-1527.3. Moreover, the Board's view does not give due consideration to the relevant statutory language of the applicable code section, which is particularly problematic here, because Code § 46.2-1527.3's plain language places as much (perhaps more) emphasis on the time at which the creditor was defrauded as when the purchase occurred. See Code § 46.2-1527.3 (permitting claims for "any loss or damage in connection with the purchase . . . of a motor vehicle *by reason of any fraud practiced on him . . . by a licensed . . .* dealer" (emphasis added)). In any event, we need not consider this issue. The circuit court's judgment order specifically found that Timmerman was a licensed dealer "at *all relevant times*" and that Barton's loss "[was] the direct result of fraud . . . made by [Timmerman, a] licensed dealer during the time of such licensing." The Board is not permitted to retry or reconsider that finding. See Morgan, 38 Va. App. at 670, 568 S.E.2d at 381.

Finally, the Board asserts that Barton's claim against the Fund was not compensable because Barton failed to comply with the requirements of Code § 46.2-1527.4. Under Code § 46.2-1527.4, any person contemplating filing a claim with the Board based on a judgment against a licensed motor vehicle dealer must serve all documents relating to the lawsuit on the Board, including a statement addressing "all acts constituting fraud." Here, Barton waited until after entry of the judgment order to file a written statement of fraud with the Board. The Board

asserts that Barton's failure to comply with Code § 46.2-1527.4 negatively influenced the Board's decision to forego its right to request to intervene in Barton's suit against Timmerman.

We consider this issue waived under Rule 5A:18. See Rule 5A:18 (stating that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."). The Board did not reference Barton's failure to comply with Code § 46.2-1527.4 in its denial of his claim. Nor did the Board argue before the circuit court that Barton's claim was properly denied because he failed to comply with Code § 46.2-1527.4. Moreover, the Board has not asked this Court to consider this issue under the good cause or ends of justice exceptions to Rule 5A:18, and we decline to do so *sua sponte*. See Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (en banc). Accordingly, we refuse to consider this issue on review.

For the foregoing reasons, we affirm the circuit court's decision to reverse the Board's finding.

## C. Attorney's Fees

Finally, the Board asserts that the circuit court abused its discretion by awarding attorney's fees to Barton.

The Administrative Process Act outlines in Code § 2.2-4030 the criteria for obtaining attorney's fees when a party contests an agency action. Code § 2.2-4030 states, in pertinent part, that

> in any civil case brought under article 5 . . . of this chapter . . . in which any person contests any agency action, such person shall be entitled to recover from that agency . . . reasonable costs and attorney's fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust.

Although the Board's decision regarding the compensability of Barton's claim was rejected by the circuit court and is rejected by this Court, the Board's position was not

- 10 -

unreasonable.  Hollowell v. Va. Marine Res. Comm'n, 56 Va. App. 70, 87, 691 S.E.2d 500, 509 (2010) (noting that "an agency's position was 'substantially justified' . . . if its position was not unreasonable (quoting Jones v. West, 46 Va. App. 309, 333-34, 616 S.E.2d 790, 803 (2005))). Accordingly, we reverse the circuit court's award of attorney's fees.

### III.  Conclusion

For these reasons, the judgment of the circuit court is affirmed in part and reversed in part.

Affirmed in part, and reversed in part.