COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


MOTOR VEHICLE DEALER BOARD

v.    Record No. 3220-01-4

JOEY L. MORGAN                                    OPINION BY
                                        JUDGE JERE M. H. WILLIS, JR.
JOEY L. MORGAN                              AUGUST 20, 2002

v.    Record No. 3245-01-4

MOTOR VEHICLE DEALER BOARD


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                      Alfred D. Swersky, Judge

            Eric K. G. Fiske, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            briefs), for Motor Vehicle Dealer Board.

            Stephen L. Swann for Joey L. Morgan.


        The Motor Vehicle Dealer Board ("Board") contends that the

trial court erred:  (1) in ruling that the Board improperly

excluded from recovery under the Motor Vehicle Transaction

Recovery Fund ("Fund") payment of attorney's fees and court costs

that were awarded in an underlying judgment, and (2) in ruling

that the Board improperly reduced the actual damages portion of

the underlying judgment.

        Joey Morgan contends on cross-appeal that the trial court

erred in denying him attorney's fees pursuant to Code

§ 9-6.14:21.[1]  For the following reasons, we affirm the judgment of the trial court.

## I.  BACKGROUND

In September 1998, Joey Morgan purchased a car from Aquia Motors, Inc. ("Aquia").  The purchase price was $5,120.  Aquia represented that the car was in good condition and had been inspected for safety and emissions.  Aquia further represented that it had available and could transfer to Morgan clear title to the car.

Shortly after the purchase, Morgan began experiencing mechanical problems involving the engine, brakes, cooling system, and suspension.  He also discovered that the frame was bent and needed repair.  Aquia failed to provide registration. Morgan attempted to return the vehicle, but Aquia refused to take it back and assigned the financing documents to Mercury Finance, which subsequently repossessed the car.

In August 1999, Morgan initiated a lawsuit against Aquia on four grounds:  (1) fraud; (2) violation of the Consumer Protection Act, Code § 59.1-196, et seq.; (3) breach of express and implied warranties; and (4) statutory recission of the thirty-day temporary certificate of ownership pursuant to Code § 46.2-1542.  On April 12, 2000, he was awarded a default judgment against Aquia for actual damages of $9,668.48,

---

[1] Effective October 1, 2001, Code § 9-6.14:21 was recodified as Code § 2.2-4030.

-

exemplary damages of $20,000, expert witness fees of $350, attorney's fees of $7,285, and court costs of $156. The court awarding the judgment recited evidence that Aquia had caused Morgan loss or damage "by practicing fraud on [Morgan], or by making fraudulent representations to him; or caused loss or damage to [Morgan] by reason of one or more violations of the Motor Vehicle Act, Virginia Code, § 46.2-1575 . . . ."

Morgan filed with the Board a claim under the Motor Vehicle Transaction Recovery Fund, Code §§ 46.2-1527.1, et seq.[2] He sought satisfaction of the judgment for the following elements:

| | |
|---|---|
| Actual damages: | $9,668.48 |
| Expert witness fees: | $ 350.00 |
| Attorney's fees: | $7,285.00 |
| Court costs: | $ 156.00 |

Recognizing that the maximum recoverable amount allowed by statute was $15,000, he reduced the net amount of his claim to $15,000.[3]

On June 7, 2000, the Board notified Morgan that his claim provided insufficient information as to how the court had

---

[2] The Virginia General Assembly created the Motor Vehicle Transaction Recovery Fund in 1988. Its purpose is to satisfy unpaid judgments that have been obtained against a licensed motor vehicle dealer or salesperson for fraud, fraudulent practices, or any loss or damage resulting from the violation of any of the provisions of this chapter.

[3] Effective July 1, 2001, the statutory recovery limit was increased to $20,000.

-

determined "actual damages" and requested additional information.  Morgan provided the following breakdown:

         Purchase price of warranty:    $5,286.10
         Finance charges:               $  547.37
         Repair costs:                  $2,500.00
         Loss of use/rental costs:      $1,020.00
         Loss of wages:                 $  315.00

The Board concluded that the full amount of Morgan's judgment was not compensable.  It awarded him $5,120, the purchase price of the car.  Based on its prior practice and interpretation of the statutes involved, it held that his attorney's fees, court costs, and expert witness fees were not compensable from the Fund.  It further held that his repair costs and loss of use/rental costs were merely incidental to ownership and operation and did not result from fraud.

Morgan appealed the Board's decision to the trial court pursuant to the Administrative Process Act, Code § 9-6.14:21. The trial court ruled that Morgan was entitled to satisfaction of his judgment by the Fund, including compensation for his "actual damages" and attorney's fees as ascertained in his lawsuit.  It further held that the Board's decision was "not substantially justified" and awarded Morgan attorney's fees and costs under Code § 9-6.14:21 (recodified as Code § 2.2-4030).[4] However, it reconsidered its allowance of attorney's fees pursuant to Code § 9-6.14:21.  Recognizing that the Board had

---

[4] See 2001 Va. Acts, c. 844.

-

followed a long-standing practice and belief that the Fund could

not compensate for attorney's fees and costs, it held that

Morgan had failed to show that the Board's decision not to

compensate attorney's fees and costs was "not substantially

justified."  It denied Morgan's request for interest on the

$15,000 award from the Fund.

 II.  <u>PAYMENT OF ACTUAL DAMAGES, COURT COSTS, AND ATTORNEY'S FEES</u>

The Motor Vehicle Transaction Recovery Fund Act provides,

in pertinent part:

> Whenever any person is awarded a final
> judgment . . . for (i) any loss or damage in
> connection with the purchase or lease of a
> motor vehicle by reason of any fraud
> practiced on him or fraudulent
> representation made to him by a licensed or
> registered motor vehicle dealer or one of
> dealer's salespersons . . . or (ii) any loss
> or damage by reason of the violation by a
> dealer or salesperson of any of the
> provisions of this chapter in connection
> with the purchase of a motor vehicle . . .
> the judgment creditor may file a verified
> claim with the Board, <u>requesting payment
> from the Fund of the amount unpaid on the
> judgment</u>.

Code § 46.2-1527.3 (emphasis added).  The Act provides, in

relevant part:

> If the judgment debt is not fully satisfied
> . . . the <u>Board shall make payment from the
> Fund</u> subject to the other limitations
> contained in this article.
>
> Excluded from the amount of any unpaid final
> judgment on which a claim against the Fund

-

                    is based shall be any sums representing
                    interest, or punitive or exemplary damages.

Code § 46.2-1527.5 (emphasis added).[5]

Considering Morgan's claim against the Fund, the Board reviewed the underlying judgment.  It held that it was not satisfied that his judgment against Aquia was based solely on the grounds of fraud.  It "carefully examined each item that was included in the calculation of 'actual damages'" and decided that some of those items related to routine ownership and maintenance.  Thus, it reduced the element of actual damages to $5,120, the purchase price of the car.  In so doing, the Board exceeded its authority.

Morgan's lawsuit against Aquia was couched in terms of fraud, violation of the Consumer Protection Act, and breach of express and implied warranties.  His case was tried and judgment was rendered based on findings of "fraud," "fraudulent representations," and "violations of the Motor Vehicle Act." The court that rendered the judgment tried Morgan's allegations. It assessed his actual damages as resulting from the proven fraudulent conduct of Aquia.  The Board had no authority to retry those issues.  Its duty was limited to satisfaction of the judgment, subject to the statutory limit.

---

[5] Morgan filed a claim against the Fund on or about May 25, 2000.  At that time the statutory limit for recovering from the Fund was $15,000.  As a result, the current statutory recovery limit, which was increased to $20,000 on July 1, 2001, is not applicable.

-

Noting that the Act makes no express provision for the Fund's satisfaction of a judgment for attorney's fees and costs, the Board adhered to its previous position that such elements of a judgment could not be satisfied out of the Fund. In this, it erred.

Code §§ 46.2-1527.3 and 46.2-1527.5 provide that a judgment against a motor vehicle dealer for fraud shall be satisfied by the Fund. "[T]he judgment creditor may file a verified claim with the Board, requesting payment from the Fund of the amount unpaid on the judgment." Code § 46.2-1527.3 (emphasis added). "If the judgment debt is not fully satisfied . . . the Board shall make payment from the Fund subject to the other limitations contained in this article." Code § 46.2-1527.5 (emphasis added). Thus, the entire judgment against Aquia, including actual damages, court costs, and attorney's fees, is compensable by the Fund.

III. ATTORNEY'S FEES PURSUANT TO CODE § 9-6.14:21

Morgan contends that the trial court erred in denying his request for attorney's fees and costs, pursuant to Code § 9-6.14:21. He argues the Board's position was "not substantially justified." We disagree.

The Administrative Process Act outlines the criteria for obtaining attorney's fees when a party contests an agency action.

-

> A. In any civil case brought under Article 5 (§ 2.2-4025 et seq.) of this chapter or §§ 2.2-4002, 2.2-4006, 2.2-4011, or § 2.2-4018, in which any person contests any agency action, such person shall be entitled to recover from that agency . . . reasonable costs and attorneys' fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust.

Code § 2.2-4030 (formerly Code § 9-6.14:21).

The trial court noted that the Board had adhered to its long-standing practice and belief that the Fund could not compensate attorney's fees and costs. The trial court held that Morgan failed to prove that the Board's position was "not substantially justified." The record supports that holding.

While the Board's position on compensability of a judgment for attorney's fees and costs was rejected by the trial court and is rejected by us, that position was substantially plausible and was based on the Board's long-standing practice, which had never been tested in court. The same is true of the Board's review of Morgan's "actual damages." Consequently, Morgan is not entitled to attorney's fees for the proceedings in the trial court.

The judgment of the trial court is affirmed.

                                                    Affirmed.

-