COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Willis
Argued at Chesapeake, Virginia


ROBERT HOLLOWELL
                                                    OPINION BY
v.       Record No. 0948-09-1              JUDGE ELIZABETH A. McCLANAHAN
                                                    APRIL 20, 2010
VIRGINIA MARINE RESOURCES COMMISSION


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                       John R. Doyle, III, Judge

           Lee Anne Washington for appellant.

           Carl Josephson, Senior Assistant Attorney General (William C.
           Mims, Attorney General; Roger L. Chaffe, Senior Assitant
           Attorney General, on brief), for appellee.


       Robert Hollowell appeals from an order of the circuit court:  (i) holding that 4 VAC

20-1140-20, promulgated by the Virginia Marine Resources Commission (VMRC) in regard to

regulating crab dredging, exceeded the authority given to VMRC in the enabling legislation

(Code § 28.2-707); (ii) setting aside part of the regulation; and (iii) directing VMRC to amend it.

Hollowell also appeals from the circuit court's subsequent order denying his request for

attorney's fees incurred in challenging the validity of the regulation.

       Hollowell argues the circuit court erred, first, in not striking the entire regulatory scheme

upon concluding that part of it was unlawful; and, second, in denying his request for attorney's

fees under Code § 2.2-4030 based on rulings that he "did not substantially prevail on the merits

of the case" and that VMRC's position "was substantially justified."  For the following reasons,

we conclude Hollowell's appeal of the circuit court's decision to set aside only part of 4 VAC

20-1140-20 has been rendered moot, and we thus dismiss that portion of this appeal.  We agree

with Hollowell, however, that he is entitled to attorney's fees under Code § 2.2-4030, and remand this claim to the circuit court for a determination of reasonable attorney's fees to be awarded to him.

## I. BACKGROUND

Code § 28.2-707(D), as last amended in 1996, provides as follows:

> It is unlawful to use a dredge for catching crabs between April 1 and December 1; however, the Commission, when in its judgment it is advisable due to weather conditions or for purposes relating to the conservation of the blue crab and it is not contrary to the public interest, may close a season in its entirety, may open any season as early as November 16, may delay opening any season, may extend any season until April 16 and may close any season early.
>
> \* \* \* \* \* \* \*
>
> Any person who violates any provision of this section is guilty of a Class 3 misdemeanor.

The effect of the statute is to legalize the dredging of crabs for the period from December 1 until March 31 from year to year, commonly referred to as "crab dredging season," absent authorized action by VMRC.

Based on Code § 28.2-707(D), VMRC promulgated a new set of regulations, designated as Chapter 1140, and consisting of 4 VAC 20-1140-10 through 4 VAC 20-1140-30 (the "new regulations"), which became effective on April 30, 2008. In VMRC's summary of the new regulations at the time they were published in "Final" form, as set forth in the Virginia Register of Regulations, Volume 24, Issue 19, p. 2763 (May 26, 2008), VMRC stated, "The chapter prohibits crab dredging in Virginia's tidal waters." The primary regulation, 4 VAC 20-1140-20, entitled "Crab dredging prohibited," provided in relevant part as follows:

The season to use a dredge for catching crabs is closed.

It shall be unlawful for any person to use a dredge for catching crabs from the waters of the Commonwealth.

4 VAC 20-1140-20(A) & (B).[1]

Hollowell, a commercial waterman, filed a "petition for appeal" in circuit court in May 2008 challenging the new regulations, pursuant to Code § 28.2-215.[2] As explained in the circuit court's April 3, 2009 letter opinion, Hollowell's position was that Code § 28.2-707(D) granted VMRC "the authority to prohibit dredging for crabs for one period of December 1 – March 31 at a time." Yet, 4 VAC 20-1140-20 "read as a whole," according to Hollowell, "prohibit[ed] the dredging of crabs for an indefinite period of time."[3] As to VMRC's position, it agreed with Hollowell that the dredging "prohibition" in the regulation was "not limited to the period of December 1, 2008 – March 31, 2009, but applie[d] to subsequent years as well." VMRC,

---

[1] The remaining portion of 4 VAC 20-1140-20, consisting of subsection C, set forth several existing regulations "pertain[ing] to the crab dredge fishery or activities associated with crab dredging," which were thereby repealed. As to the other two new regulations, 4 VAC 20-1140-10 stated the purpose of the regulations as follows: "This chapter promotes conservation of the blue crab resource, especially female crabs that constitute mostly all of the crab dredge harvest. The provisions in this chapter are in response to the reduced abundance of the blue crab resource and its overexploitation, especially female crabs." The remaining regulation, 4 VAC 20-1140-30, set forth the penalties for violating the chapter: "As set forth in § 28.2-903 of the Code of Virginia, any person violating any provision of this chapter shall be guilty of a Class 3 misdemeanor, and a second or subsequent violation of any provision of this chapter committed by the same person within 12 months of a prior violation is a Class 1 misdemeanor."

[2] Code § 28.2-215 provides for judicial review of regulations promulgated by VMRC in accordance with the provisions of the Virginia Administrative Process Act (Code § 2.2-4000 *et seq.*) (VAPA). Code § 2.2-4026 of the VAPA then provides that "[a]ny person affected by and *claiming the unlawfulness of any regulation* . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency or its officers or agents in the manner provided by the rules of the Supreme Court of Virginia. . . ." (Emphasis added.)

[3] Accordingly, Hollowell requested in his petition that the circuit court: (1) find that the new regulations were unlawful; (2) find the regulations unenforceable; (3) enter a temporary injunction against enforcement of the regulations during the pendency of the appeal; and (4) enter a permanent injunction against enforcement of the regulations.

however, contended that the enabling statute authorized VMRC to promulgate a single regulation that was of open-ended duration to prohibit the dredging of crabs in the waters of the Commonwealth.

The circuit court agreed with Hollowell's reading of Code § 28.2-707(D), and rejected VMRC's interpretation. The court held that the statute only gave VMRC "the authority to close any individual one of the annually occurring crab-dredging seasons," i.e., one crab dredging season at a time vis-à-vis one regulation at a time. As the court explained:

> Had the General Assembly intended to give the VMRC unlimited power to prohibit crab dredging for multiple seasons at a time without the necessity of further action or public hearings, it could have done so in very plain simple language . . . . This makes sense in that the limitation of the VMRC's power to closing one annual season at a time only serves to require annual review and annual Commission action. It still allows for multiple consecutive seasons to be closed within that administrative framework.

The circuit court also agreed with Hollowell that 4 VAC 20-1140-20 "exceed[ed] the authority granted by Virginia Code Section 28.2-707 in that [subsection B of the regulation] prohibit[ed] crab dredging indefinitely beyond the period of December 1, 2008 – March 31, 2009."

Consistent with the circuit court's April 3, 2009 letter opinion, it ordered on the same day "that 4 VAC 20-1140-20.B be set aside," and "remand[ed] the matter to [VMRC] to amend 4 VAC 20-1140-10 *et seq.* by striking the current version of 4 VAC 20-1140-20.B and . . . clarifying that 4 VAC 20-1140-20.A pertains only to the December 1, 2008 – March 31, 2009 crab-dredging season." [4]

Hollowell subsequently filed a motion for attorney's fees pursuant to Code § 2.2-4030. The statute provides, in relevant part:

---

[4] Prior to these rulings, the circuit court denied Hollowell's motion to temporarily enjoin the enforcement of the new regulations pending the court's final judgment on his petition.

> In any civil case . . . in which any person contests any agency action [as in this case], such person shall be entitled to recover from that agency . . . reasonable costs and attorneys' fees if such person substantially prevails on the merits of the case and the agency's position is not substantially justified, unless special circumstances would make an award unjust. The award of attorneys' fees shall not exceed $25,000.

Code § 2.2-4030(A). By order dated April 22, 2009, the circuit court denied the motion, finding that Hollowell did not substantially prevail on the merits of the case and that VMRC's position was substantially justified.

On May 4, 2009, Hollowell filed his notice of appeal to this Court. In this appeal, Hollowell contends the circuit court erred (i) in not striking the new regulations entirely, given its holding that the primary regulation, 4 VAC 20-1140-20, was unlawful, and (ii) in denying Hollowell's motion for attorney's fees.

On June 1, 2009, VMRC finalized amendments to 4 VAC 20-1140-20 consistent with the circuit court's ruling by prohibiting crab dredging in Virginia waters only for the upcoming crab dredging season. See Virginia Register of Regulations, Vol. 25, Issue 21, p. 3793 (June 22, 2009). As amended, subsection B of the regulation was struck in its entirety, and subsection A was changed to read: "In accordance with the provisions of § 28.2-707 of the Code of Virginia, the crab dredging season of December 1, 2009, through March 31, 2010 is closed, and it shall be unlawful to use a dredge for catching crabs from the waters of the Commonwealth during that season." 4 VAC 20-1140-20(A).

## II. MOOTNESS OF CHALLENGE TO CIRCUIT COURT'S DISPOSITION OF REGULATION

In response to Hollowell's appeal of the circuit court's decision to set aside only part of 4 VAC 20-1140-20 rather than all three of the new regulations in their entirety, after determining that 4 VAC 20-1140-20 was unlawful, VMRC asserts that this issue was rendered moot by

VMRC's amendments to the regulation, which were finalized after Hollowell filed this appeal. We agree.

It is this Court's duty "'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Harrison v. Ocean View Fishing Pier, LLC, 50 Va. App. 556, 570, 651 S.E.2d 421, 428 (2007) (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935)). A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000) (citation and some internal quotation marks omitted). Accordingly, "[d]ismissal is the proper remedy" when an event occurs while a case is pending on appeal that renders it moot—that is, "'renders it impossible'" for this Court to grant appellant the relief requested. Jackson v. Marshall, 19 Va. App. 628, 635, 454 S.E.2d 23, 27 (1995) (quoting Hankins v. Town of Virginia Beach, 182 Va. 642, 644, 29 S.E.2d 831, 832 (1944)).

Hollowell challenged 4 VAC 20-1140-20 on the grounds that it prohibited dredging of crabs for an indefinite period of time, whereas the enabling legislation, Code § 28.2-707(D), only authorized VMRC to prohibit such dredging one season at a time—extending from December 1 until March 31 from year to year. Agreeing with this interpretation of both Code § 28.2-707(D) and 4 VAC 20-1140-20, the circuit court ordered VMRC to amend the regulation, which VMRC proceeded to do. But the amended regulation did not go into effect until nearly a month after Hollowell filed this appeal. Nevertheless, in light of those amendments to the regulation, "the regulation at issue [below] is no longer in force," Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (per curiam) (holding that university's amendments to its subject regulation made moot a challenge to the earlier version of the regulation), and by those amendments the "challenged

features" of the regulation were removed, <u>Coalition for the Abolition on Marijuana Prohibition v. City of Atlanta</u>, 219 F.3d 1301, 1310 (11th Cir. 2000) (citation and internal quotation marks omitted). A "superseding statute or regulation moots a case . . . to the extent that it removes challenged features of the prior law." <u>Id.</u>; <u>see</u> <u>Citizens for Responsible Gov't State Political Action Comm. v. Davidson</u>, 236 F.3d 1174, 1187 (10th Cir. 2000) (holding that amendments to Colorado's Fair Campaign Practices Act while appeal was pending mooted appellant's constitutional challenge to the Act); <u>Camarena v. Texas Employment Comm'n</u>, 754 S.W.2d 149, 151 (Tex. 1988) (holding that amendments to the Texas Unemployment Compensation Act mooted petitioner's constitutional challenge to the Act).

The portion of Hollowell's instant appeal challenging the fact that the circuit court did not set aside the entire regulation, after it determined that a material part of it was unlawful, is, therefore, moot.[5] We thus dismiss the portion of this appeal challenging the extent to which the circuit court set aside the regulation after concluding it was unlawful.

### III. CLAIM FOR ATTORNEY'S FEES

Hollowell next challenges on appeal the circuit court's rejection of his claim for attorney's fees under Code § 2.2-4030, contending the court erred in ruling that he "did not substantially prevail on the merits of the case" and that VMRC's position "was substantially justified," either of which would have negated his claim under the statute. In response, VMRC contends this challenge is also moot. VMRC further asserts that Hollowell is otherwise not entitled to an award of attorney's fees because he did not meet the statutory requirements for such an award. We conclude that (a) this claim is not moot, and (b) the circuit court erred, as a matter of law, in not awarding attorney's fees to Hollowell.

---

[5] Indeed, Hollowell's counsel conceded at oral argument that, due to the amendments to the regulation, the only remedy left for Hollowell to seek on appeal is reversal of the circuit court's denial of his request for attorney's fees.

A. Mootness

(i) Time of Amendment

VMRC argues its subject amendments to the regulation also mooted Hollowell's appeal

of his claim for attorney's fees. VMRC cites no Virginia authority on point, nor have we found

any. By way of analogy, however, VMRC cites Coady v. Strategic Resources, Inc., 258 Va. 12,

15-16, 515 S.E.2d 273, 274 (1999), for its discussion of three of the Virginia Supreme Court's

"earlier decisions applying what is now Code § 17.1-604, which allows the recovery of

[appellate] costs . . . by the 'party substantially prevailing.'"[6] Those decisions, the Supreme

Court explains in Coady, "recognize the principle that when a case becomes moot while an

appeal is pending, the controversy ceases to exist and there is no prevailing party" under the

statute. Id. at 15, 515 S.E.2d at 274. But in one of those decisions, Ficklen v. City of Danville,

146 Va. 426, 131 S.E. 689 (1926), the Court recognized and applied an exception to that general

principle, which would apply by analogy here. In Ficklen, as in this case, the issue on appeal

was rendered moot due to actions taken by the appellees during the pendency of the appeal—

with appellees "in effect yielding to the contention of the appellants" and "abandon[ing] [their

own] contention made before the lower court." Id. at 438, 131 S.E. at 692. Under those

circumstances, the Court concluded that "the appellants should be held to have substantially

prevailed in this [C]ourt, although the appeal is dismissed, and therefore they are entitled to

recover costs against the appellees." Id. at 439, 131 S.E. at 692.[7]

---

[6] The three cases are Ficklen v. City of Danville, 146 Va. 426, 131 S.E. 689 (1926); Wallerstein v. Brander, 136 Va. 543, 118 S.E. 224 (1923); and Branscome v. Cunduff, 123 Va. 352, 96 S.E. 770 (1918).

[7] See Lewin v. Board of Trustees of Pasadena Unified School District, 62 Cal. App. 3d 977, 983-84 (Cal. App. 1976) (citing Ficklen with approval, and holding that "[r]espondent cannot escape statutory liability for costs merely by granting the relief prayed for by the petition before the court has the opportunity to rule on the petition"); Board of Education of Madison County v. Fowler, 14 S.E.2d 478, 479 (Ga. 1941) (explaining that the weight of authority is "that

The view of numerous courts in other jurisdictions, in decisions more directly on point, is that mootness of an underlying claim below does not preclude a statutory award of attorney's fees to the "prevailing party" where those fees have already been incurred. See, e.g., Ford v. Wilder, 469 F.3d 500, 506-07 (6th Cir. 2006) (remanding to district court for consideration of plaintiffs' request for attorney's fees where defendants were responsible for mooting the case while it was pending on appeal); Citizens for Responsible Gov't State Political Action Comm., 236 F.3d at 1183 ("'While a claim of entitlement to attorney's fees does not preserve a moot cause of action, the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred.'" (quoting Dahlem v. Board of Educ. of Denver Pub. Schs., 901 F.2d 1508, 1511 (10th Cir. 1990))); Young v. City of Chicago, 202 F.3d 1000, 1000-01 (7th Cir. 2000) ("A defendant cannot defeat a plaintiff's right to attorneys' fees by taking steps to moot the case after the plaintiff has obtained the relief he sought, for in such a case mootness does not alter the plaintiff's status as a prevailing party."); Bishop v. Committee on Prof'l Ethics and Conduct of the Iowa State Bar Ass'n, 686 F.2d 1278, 1290 (8th Cir. 1982) ("[I]t has been generally held that the dismissal on appeal of the underlying claims on the merits on the grounds of mootness [does not] preclude an award of attorney's fees."); Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980) ("[A] determination of mootness does not prevent an award of attorney's fees on remand."); Merriam v. AIG Claims Servs., Inc., 945 A.2d 882, 885 (Vt. 2008) (holding that a claim for attorney's fees "present[ed] a live controversy" on appeal even though the underlying claim became moot while the appeal was pending).

Based on this authority, we reject VMRC's argument that Hollowell's appeal of the circuit court's ruling on his claim for attorney's fees was rendered moot as a result of VMRC's

---

where . . . the suit is dismissed because of some subsequent act by the defendant, making unnecessary a further prosecution of the suit, the plaintiff is entitled to costs" (citations and internal quotation marks omitted)).

*own* decision to amend the regulation in accordance with the judgment of the circuit court, rather than defend it on appeal.

### (ii) Expiration of 2008-2009 Crab Dredging Season

VMRC argues in the alternative, in contesting Hollowell's claim for attorney's fees, that this case, in fact, became moot even before the circuit court's ruling on his petition for appeal. According to VMRC, "the principal substantive issue decided by the circuit court" was "the validity of the regulation closing the 2008-2009 crab dredging season," which would have extended from December 1, 2008 through March 31, 2009. But the circuit court's April 3, 2009 order, VMRC further asserts, was "entered too late to provide [Hollowell] any meaningful relief," as "the crab dredging season for which relief was requested had ended." Thus, "there no longer remained a justiciable controversy between the parties and the circuit court could do nothing to remedy [Hollowell's] inability to dredge for the season by then past." "Consequently," VMRC concludes, Hollowell's "request for fees is also moot and must be dismissed."

VMRC's reasoning is flawed because "the principal substantive issue" presented in Hollowell's petition for appeal was in no way limited to the 2008-2009 crab dredging season. Hollowell's petition, filed pursuant to Code § 28.2-215, sought judicial review of the newly promulgated regulations, 4 VAC 20-1140-10 through 4 VAC 20-1140-30, and in particular 4 VAC 20-1140-20, based on the claim that this regulatory scheme was unlawful in that, contrary to the enabling legislation, it prohibited crab dredging indefinitely. Thus, the fact that the period for the 2008-2009 crab dredging season had passed when the circuit court ruled that 4 VAC 20-1140-20 was unlawful, in establishing an open-ended prohibition of crab dredging, did not mean that it was "too late" for the court to provide Hollowell "any meaningful relief." Hollowell's legal challenge to the regulation was the same both before and after that period. The

- 10 -

principal dispute between the parties over whether VMRC could prohibit crab dredging indefinitely under the regulation indeed remained a "live" dispute until VMRC chose not to challenge the circuit court's April 3, 2009 order, but, instead, to amend the regulation pursuant to the order.

Therefore, we reject VMRC's alternative argument that Hollowell's claim for attorney's fees became moot before the circuit court ruled on his petition.

### B. Code § 2.2-4030(A)

We now turn to the circuit court's determination that Hollowell was not entitled to an award of attorney's fees under Code § 2.2-4030. Subsection A of the statute expressly provides that a person contesting agency action "shall be entitled to recover from [the] agency . . . reasonable costs and attorneys' fees if [1] such person substantially prevails on the merits of the case and [2] the agency's position is not substantially justified, unless [3] special circumstances would make an award unjust." Code § 2.2-4030(A). The circuit court ruled that Hollowell did not substantially prevail in this action and that VMRC's position was substantially justified.

### (i) Standard of Review

"'[A]lthough the trial court's findings of historical fact are binding on appeal unless plainly wrong, we review the trial court's statutory interpretations and legal conclusions *de novo*.'" Department of Med. Assistance Servs. v. Beverly Healthcare of Fredericksburg, 41 Va. App. 468, 490, 585 S.E.2d 858, 869 (2003) (quoting Sink v. Commonwealth, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)), aff'd, 268 Va. 278, 601 S.E.2d 604 (2004). Here, as in Beverly Healthcare of Fredericksburg, "we are asked to review the circuit court's interpretation and application of Code § 2.2-4030. Accordingly, we review the circuit court's judgment *de novo*." Id. In addition, unlike a number of Virginia statutes under which the issue of awarding attorney's fees is reviewed only for an abuse of discretion, see, e.g., Tyszcenko v. Donatelli, 53

Va. App. 209, 222, 670 S.E.2d 49, 56 (2008) ("Code §§ 20-79(b) and 20-99(5) provide the statutory basis for the broad discretionary authority circuit courts have to award attorney's fees . . . [in] a divorce case"), Code § 2.2-4030(A) mandates that attorney's fees "shall" be awarded where the requirements of the three-part test are met. The actual amount of an award of fees under Code § 2.2-4030(A) remains, of course, within the "broad discretion afforded to the trial court . . . based upon what is reasonable and just." Beverly Healthcare of Fredericksburg, 268 Va. at 286 n.3, 601 S.E.2d at 608 n.3.

(ii) Substantially Prevailing Party

Code § 2.2-4030(A) does not define what is meant by its first requirement for an award of attorney's fees, i.e., that the contesting party must "substantially prevail[] on the merits," nor has the term been defined in any Virginia case law. Our Supreme Court has, however, defined the term "prevailing party" in the context of a party's entitlement to an award of attorney's fees under a contractual provision. In Sheets v. Castle, 263 Va. 407, 559 S.E.2d 616 (2002), the Court, in reaching an interpretation of the term, said that "[w]e need not go farther than Black's Law Dictionary for its common meaning: 'A party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" Id. at 413, 559 S.E.2d at 620 (quoting Black's Law Dictionary 1145 (7th ed. 1999)).[8] The Court went on to state that the prevailing party was thus "'the party in whose favor the decision or verdict in the case is or should be rendered and judgment entered, and in determining this question the general result should be considered, and inquiry made as to who has, in the view of the law, succeeded in the action.'" Id. at 414, 559

---

[8] This is generally the same definition used by federal courts for federal fee-shifting statutes. See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 603 (2001) (applying same Black's Law Dictionary definition for the term "prevailing party"). As recently stated in Perez v. Westchester County Dep't of Corr., 587 F.3d 143, 149 (2d Cir. 2009) (citation and some internal quotation marks omitted), "[I]n order to be considered a 'prevailing party' . . ., a plaintiff must not only achieve some material alteration of the legal relationship of the parties, but that change must also be judicially sanctioned."

S.E.2d at 620 (quoting <u>Richmond v. County of Henrico</u>, 185 Va. 859, 869, 41 S.E.2d 35, 41 (1947)).

Other Virginia Supreme Court decisions are also instructive. In <u>West Square, LLC v. Communication Techs., Inc.</u>, 274 Va. 425, 436, 649 S.E.2d 698, 704 (2007), the Court applied a contractual provision providing for an award of appellate attorney's fees to the "prevailing party on appeal." After reciting the <u>Sheets</u> definition of "prevailing party," the Court denied appellant's request for such an award because appellant did not receive a decision "in its favor" from the Court regarding "the primary issue" on appeal. <u>Id.</u> at 436-37, 649 S.E.2d at 704.

In <u>Westgate at Williamsburg Condo. Ass'n, Inc. v. Philip Richardson Co.</u>, 270 Va. 566, 578-79, 621 S.E.2d 114, 120-21 (2005), the Court reviewed a trial court's statutory award of attorney's fees to the defendant condominium developer as the "prevailing party" under the terms of Code § 55-79.53(A) of the Virginia Condominium Act. After reversing the judgment of the trial court on the merits of the underlying dispute, the Court set aside the award of attorney's fees. In doing so, the Court indicated that, with regard to the fee award under the statute, a "'prevailing party'" should be equated with a "'successful party.'" <u>Id.</u> at 579, 621 S.E.2d at 121 (quoting <u>Chase v. DaimlerChrysler Corp.</u>, 266 Va. 544, 548-49, 587 S.E.2d 521, 523 (2003)).

In <u>Chase</u>, the Court was required to determine the meaning of "'successful'" as the term was used in regard to a statutory award of attorney's fees under Code § 59.1-207:14 of the "so-called 'Virginia Lemon Law.'" <u>Chase</u>, 266 Va. at 547-48, 587 S.E.2d at 522-23. The statute provided for such an award to any "'consumer who is successful'" in a "'civil action to enforce' the provisions of the Act." <u>Id.</u> at 548, 587 S.E.2d at 523. "Consequently," the Court reasoned, "being 'successful' in this statutory 'civil action,' by definition, means that the action terminates in favor of the claimant. Under the terms of the Act, we look to the order terminating the action to determine whether the plaintiff was 'successful.'" <u>Id.</u> The Court thus concluded that the

plaintiff consumer was not entitled to attorney's fees under the statute because "[t]he final judgment order in this case expressly state[d] that judgment [was] awarded to the defendant, DaimlerChrysler." Id.

Finally, in RF&P Corp. v. Little, 247 Va. 309, 322-23, 440 S.E.2d 908, 917 (1994), the Court addressed the issue of whether the petitioner, Little, was entitled to a statutory award of attorney's fees as the "substantially prevail[ing]" party under the terms of Code § 2.1-346 of the Virginia Freedom of Information Act (FOIA). In affirming the trial court's award of attorney's fees to Little in his FOIA action against a holding company and its chairperson, the Court noted that its decision was

> not altered by the fact that Little did not prevail on each theory he advanced to the trial court. To obtain an award of attorney's fees under Code § 2.1-346, Little was required to show that he substantially prevailed on the merits of the case, not that he prevailed on every issue he raised.

Id. at 323 n.5, 440 S.E.2d at 917 n.5. See Commonwealth v. Lotz Realty Co., 237 Va. 1, 11, 376 S.E.2d 54, 59 (1989) (explaining that a party is a "prevailing party" and entitled to an award of attorney's fees under the terms of 42 U.S.C. § 1988 "if he succeeds on 'any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit.'" (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983))); see also Tax Track Sys. Corp. v. New Investor World, Inc., 478 F.3d 783, 790 (7th Cir. 2007) (In the context of an award of attorney's fees, "[a] 'prevailing party' need not win on all claims, nor must a 'substantially' prevailing party—to prevail 'substantially' does not mean 'totally.'" (internal citation omitted)).

Guided by these decisions, we conclude that, for purposes of entitlement to an award of attorney's fees under Code § 2.2-4030(A), Hollowell "substantially prevailed on the merits" of his action below in challenging the lawfulness of the new regulations. To do so, Hollowell did not have to "prevail[] on every issue he raised." RF&P Corp., 247 Va. at 323 n.5, 440 S.E.2d at

- 14 -

917 n.5. Rather, he was required to obtain a judgment in his favor on a significant issue in dispute. He did so by obtaining the trial court's order (i) setting aside a portion of 4 VAC 20-1140-20 as unlawful, in that, contrary to the authority given to VMRC in the enabling legislation, the regulation prohibited crab dredging indefinitely; and (ii) directing VMRC to amend the regulation so as to affect only a single crab dredging season—which VMRC proceeded to do for the upcoming crab dredging season.

In holding Hollowell did not substantially prevail on the merits of this case, the circuit court made the same error VMRC made in arguing that the case became moot before the circuit court issued its April 3, 2009 decision on the merits. That is, the court erroneously focused on the fact that the 2008-2009 crab dredging season had passed at the time of its decision.[9] As discussed above, by definition, Hollowell's challenge to the lawfulness of 4 VAC 20-1140-20 in prohibiting crab dredging indefinitely was in no way limited to the 2008-2009 crab dredging season. It is true, as the circuit court observed, that had it ruled as early as January or February of 2009 and set aside the entire regulation, Hollowell and other watermen may have been able to utilize the last month or two of what would have been left of the 2008-2009 crab dredging season. But even if such an opportunity had arisen, it simply would have been an incidental benefit derived by the watermen from Hollowell's primary claim—that 4 VAC 20-1140-20 was unlawful on its face. The nature of this claim was the same before and after the end of the 2008-2009 crab dredging season. Thus, the timing of the circuit court's decision did not alter the nature of the claim, upon which Hollowell ultimately prevailed.

---

[9] The circuit court judge stated his reasons orally for denying Hollowell's motion for attorney's fees at the April 22, 2009 hearing on the motion.

The circuit court, therefore, erred as a matter of law in ruling that Hollowell did not substantially prevail in his challenge to the lawfulness of the regulation pursuant to Code § 28.2-215.  See *supra* note 2.

(iii)  Justification of Agency's Position

As with the first requirement under Code § 2.2-4030(A) for an award of attorney's fees, no definition is set forth in the statute for the second requirement, i.e., that the "agency's position is not substantially justified."  This Court has held that an agency's position was "substantially justified" under the statute upon concluding that its "position was not unreasonable."  Jones v. West, 46 Va. App. 309, 333-34, 616 S.E.2d 790, 803 (2005).  Looking to federal case law, we find additional guidance, as this same requirement or standard for justification of a governmental agency's position is used in the parallel federal fee-shifting statute, 28 U.S.C. § 2412 of the Equal Access to Justice Act (EAJA), and there we find an established interpretation of this standard.[10]

As recently explained in United States v. Cox, 575 F.3d 352, 355 (4th Cir. 2009):

> The government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).  The government's position must be "more than merely undeserving of sanctions for frivolousness," id. at 566, and must instead have a "'reasonable basis both in law and fact,'" id. at 565.

---

[10] Under the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Further, under this standard, the government "must demonstrate the reasonableness not only of its litigation position, but also of the agency's actions." Role Models Am., Inc. v. Brownlee, 353 F.3d 962, 967 (D.C. Cir. 2004) (citing Halverson v. Slater, 206 F.3d 1205, 1208 (D.C. Cir. 2000)). Of course, what is ultimately determined to be reasonable or unreasonable will be different in different circumstances. Halverson, 206 F.3d at 1208 (holding that government's position was not "substantially justified" under the EAJA).

Applying the above-stated interpretation to the second requirement of Code § 2.2-4030(A), which is consistent with Jones, we conclude that VMRC's position was unreasonable, and thus not substantially justified, as a matter of law. We reach this conclusion because 4 VAC 20-1140-20, the regulation VMRC promulgated under the purported authority of Code § 28.2-707(D), and defended in circuit court, was "'manifestly contrary to the statute.'" Marcus v. Shalala, 17 F.3d 1033, 1038 (7th Cir. 1994) (quoting Sullivan v. Zebley, 493 U.S. 521, 541 (1990)) (affirming award of attorney's fees under EAJA after plaintiffs successfully challenged regulations adopted by the Secretary of Health and Human Services governing eligibility for two disability benefit programs under the Social Security Act); cf. Motor Vehicle Dealer Bd. v. Morgan, 38 Va. App. 665, 672, 568 S.E.2d 378, 381 (2002) (denying award of attorney's fees under Code § 2.2-4030(A) where agency's construction of statute was, *inter alia*, "substantially plausible").

Extending back to 1910, through Code § 28.2-707(D) and its predecessors, the General Assembly has established crab dredging seasons for a specified duration on a recurring annual basis. See Acts of the Virginia General Assembly 1910, Chapter 145 § 2086(13) (setting forth the crab dredging season established by the General Assembly for the first time). As the circuit court correctly determined, the authority delegated to VMRC to alter the established statutory time frame to engage in this pursuit—whether by restricting or extending it—is limited to "a"

season. Indeed, the statute expressly states that, at most, VMRC "may close *a* season in its entirety." Code § 28.2-707(D) (emphasis added). The legislature has expressly sought by this statute to strike a balance between "purposes relating to the conservation of the blue crab" and the "public interest." Id. It stands to reason, the circuit court went on to rightly conclude, that had the legislature "intended to give the VMRC unlimited power to prohibit crab dredging for multiple seasons at a time without the necessity of further action or public hearings" (see 4 VAC 20-340-10 through 4 VAC 20-340-40, setting forth "Public Participation Guidelines" applicable to VMRC's promulgation of new and amended regulations), it would have done so by using "very plain simple language" to that effect. This means that VMRC could not have reasonably read the empowering provision of the statute to authorize it to promulgate a regulation prohibiting crab dredging indefinitely.

The circuit court's reading of the scope of Code § 28.2-707(D) is the same as ours and yet the court ruled that VMRC's position was substantially justified when it considered Hollowell's request for attorney's fees. Our resolution of this issue nevertheless rests on the same reading of the statute—that it sets forth clear parameters for VMRC's regulatory action limited to one crab dredging season at a time. In light of these limitations, VMRC knew or should have known that its action was in violation of the statute. Therefore, assertions of VMRC and the circuit court to the contrary notwithstanding, a review of the statute vis-à-vis the action taken by VMRC in promulgating 4 VAC 20-1140-20, and defending it in the face of Hollowell's challenge to the regulation, does not present a "close case" such as to render VMRC's position substantially justified. We thus reject the proposition, as VMRC urges, that, "'although wrong,

[VMRC's] position was not unreasonable'" (quoting Jones, 46 Va. App. at 333-34, 616 S.E.2d at 803).[11]

As we said in Beverly Healthcare of Fredericksburg, 41 Va. App. at 494, 585 S.E.2d at 871, "the 'mischief' at which Code § 2.2-4030(A) is directed [in providing for an award of attorney's fees] is the unjustified action of an agency." In promulgating and defending a regulation that prohibited crab dredging indefinitely, contrary to the clear limits of its legislative grant of authority, VMRC engaged in such mischief. VMRC's unlawful regulatory action, if not challenged in this case, would have, *inter alia*, enabled the agency to minimize its accountability to the public under its "Public Participation Guidelines," 4 VAC 20-340-10 *et seq*., which are triggered when VMRC promulgates a new or amended regulation.

Accordingly, as to the second requirement for awarding attorney's fees under Code § 2.2-4030(A), the circuit court erred in ruling that VMRC's position was substantially justified.

(iv) Consideration of Special Circumstances

Finally, neither Code § 2.2-4030(A) nor any Virginia case law sets forth the kind of "special circumstances" that would make an award of attorney's fees "unjust," under the terms of

---

[11] In asserting that VMRC's position was substantially justified, the dissent misconstrues Morgan, 38 Va. App. 665, 568 S.E.2d 378, by indicating this Court concluded in Morgan that the Motor Vehicle Dealer Board's position, though wrong, was substantially justified simply because its position "'had never been tested in court'" (quoting Morgan, 38 Va. App. at 672, 568 S.E.2d at 381). What we actually concluded in Morgan was that the Board's interpretation of the subject statute "was substantially plausible and was based on the Board's long-standing practice, which had never been tested in court. . . . Consequently, Morgan [was] not entitled to attorney's fees for the proceedings in the trial court." Id. at 672, 568 S.E.2d at 381.

We further note that the determination as to whether an agency's position was substantially justified, for purposes of awarding attorney's fees under Code § 2.2-4030, cannot be based solely on the fact that its position had "never been tested in court." Such a rule would mean that no matter how arbitrary and capricious an agency's position happened to be, attorney's fees could never be awarded when the position was challenged in court for the first time. Thus, as in the instant case, Hollowell was not barred from being awarded attorney's fees simply because he was the first litigant to challenge VMRS's interpretation of its enabling authority under Code § 28.2-707.

the third prong of the statute's three-part test.  Code § 2.2-4030(A).  We need not delve into that issue here, however, as VMRC presents no circumstances that would necessitate further consideration; nor did the circuit court find any such circumstances.  VMRC merely restates its arguments that we have addressed above, and rejected, as the basis for asserting that an award of attorney's fees to Hollowell would be unjust.

We thus conclude there are no special circumstances presented in this case that would make it unjust to award attorney's fees to Hollowell under Code § 2.2-4030(A).

IV.  CONCLUSION

For the above-stated reasons, we dismiss, as moot, Hollowell's appeal of the circuit court's decision to set aside only part of 4 VAC 20-1140-20.  As to the remainder of Hollowell's appeal, we hold that he is entitled to attorney's fees under Code § 2.2-4030, and remand this claim to the circuit court for a determination of reasonable attorney's fees to be awarded to him.

<u>Dismissed, in part, and
remanded, in part.</u>

Humphreys, J., concurring, in part, and dissenting, in part.

I concur in the majority's holding that the issue of whether the circuit court erred in its decision not to set aside the entire regulation is now moot. However, because I disagree with the majority's conclusion that the circuit court erred in denying Hollowell's motion for attorney's fees, I respectfully dissent from the judgment and analysis of the majority with regard to that issue. While I agree with the majority that Hollowell substantially prevailed on the merits of his case, I believe VMRC's position was not unreasonable and thus, substantially justified. Therefore, I would affirm the circuit court's denial of attorney's fees.

The heart of this appeal concerns VMRC's authority under Code § 28.2-707(D)[12] to close the winter crab-dredging season. As expressly noted by the circuit court, the interpretation of Code § 28.2-707(D) is an issue of first impression in Virginia. VMRC argued that Code § 28.2-707(D) gave it the authority to close the winter crab-dredging season until such a closure is no longer justified by "the conservation of the blue crab." Although VMRC's interpretation of the statute was ultimately found to be incorrect, it was not so unreasonable as to warrant an award of attorney's fees. As the circuit court noted in its denial of Hollowell's motion for attorney's fees:

> [T]his was a case of first impression. It involved statutory construction. It involved defining words and phrases and trying to glean intent and not only just for the statute, but also looking at the regulation as well. And I think VMRC's position was substantially

---

[12] Code § 28.2-707(D) provides that:

> It is unlawful to use a dredge for catching crabs between April 1 and December 1; however, the Commission, when in its judgment it is advisable due to weather conditions or for purposes relating to the conservation of the blue crab and it is not contrary to the public interest, may close a season in its entirety, may open any season as early as November 16, may delay opening any season, may extend any season until April 16 and may close any season early.

> justified . . . it was one that needed to work its way through the
> courts to a court order.

In my view, to hold as the majority implicitly does, that non-frivolous issues of first impression cannot provide "substantial justification" for an administrative appeal, frustrates the clear intent of the statute and conflicts with our own established precedent. See Motor Vehicle Dealer Bd. v. Morgan, 38 Va. App. 665, 672, 568 S.E.2d 378, 381 (2002) (holding that the Board's position, although incorrect, was substantially justified as it "had never been tested in court").

Our rationale in Morgan is precisely the rationale used by the circuit court in this case. Nevertheless, in reversing the circuit court on this issue, the majority redefines the term "substantially justified" from the meaning previously given it by this Court, and equates it to a federal statutory standard of "manifestly contrary to the statute," as adopted by the Seventh Circuit in Marcus v. Shalala, 17 F.3d 1033, 1038 (7th Cir. 1994). My problem with the majority's approach in this regard is that the award of attorney's fees in a state administrative appeal is not governed by federal law but by the application of a statutory test consistent with the precedent of both this Court and the Supreme Court of Virginia. To obtain an award of attorney's fees from an administrative agency in Virginia, Code § 2.2-4030(A) mandates the application of a three-part test. To succeed, a party must "substantially prevail on the merits," the agency's legal position must not be "substantially justified," and "special circumstances" must not make such an award unjust.[13] In my view, by equating the statutory term "substantially justified" to the phrase "manifestly contrary to statute," the majority ignores our own precedent, which defines the term "substantially justified" as the equivalent of the phrase "not

---

[13] Because I believe VMRC's position was substantially justified, I need not and do not address the issue of whether special circumstances would make an award of attorney's fees unjust in this case.

unreasonable." See Jones v. West, 46 Va. App. 309, 333-34, 616 S.E.2d 790, 803 (2005) (concluding that, although wrong, the Commissioner's position was not unreasonable and therefore "substantially justified"). [14] While the majority acknowledges the existence of Morgan and West, it ignores their particular relevance to the issue at hand and instead "finds additional guidance" in federal cases interpreting the attorney's fees provisions of 28 U.S.C. § 2412.[15] In so doing, the majority today effectively modifies, without any attempt to distinguish, our existing precedent and thereby creates a clear conflict in our own jurisprudence on this point. Furthermore, since it is axiomatic that no party should "substantially prevail" whose position is "manifestly contrary to statute," the majority also effectively eliminates one component of the three-part statutory test for the award of attorney's fees, such that any party who "substantially prevails" is now entitled to attorney's fees as a matter of law, so long as special circumstances do

---

[14] Moreover, and consistent with our holding in West, I note that the reasonableness of a party's legal position is also the test used by the United States Supreme Court in several different contexts for the award of attorney's fees. For example, in civil rights cases, the standard for the award of attorney's fees is whether a party's legal position is "frivolous, *unreasonable*, or without foundation," Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978), while the standard for the award in a removal action is whether "the removing party lacked an *objectively reasonable* basis for seeking removal," Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (emphasis added). Indeed, in construing the federal statute that the majority looks to for "guidance," the Supreme Court has expressly noted that Congress did not want the "substantially justified" standard to "be read to raise a presumption that the Government position was not substantially justified simply because it lost the case." Scarborough v. Principi, 541 U.S. 401, 415 (2004).

[15] I hesitate to quibble with the majority's characterization of 28 U.S.C. § 2412 as a "parallel federal statute," but while the Equal Access to Justice Act uses the term "substantially justified," it does not mandate the award of attorney's fees as does Code § 2.2-4030(A). Rather, 28 U.S.C. § 2412 only permits an award of attorney's fees in the district court's discretion. This distinction is important because, as the Supreme Court of the United States has noted, the "abuse of discretion" standard of appellate review inherent in the federal statute permits deferential review to afford "the district court the necessary flexibility to resolve questions involving 'multifarious, fleeting, special, narrow facts that utterly resist generalization.'" Koon v. United States, 518 U.S. 81, 99 (1996) (internal citations omitted). It seems to me that the very lack of such flexibility in Code § 2.2-4030(A) militates against the use of 28 U.S.C. § 2412 for "guidance." Thus, and because I find our own precedent in this regard to be unambiguous and controlling with respect to this issue, I see no need to look elsewhere for "guidance."

not make such an award unjust.  Given the plain language of the statute, I do not believe that the General Assembly intended such a result.  Thus, I would honor our own existing precedent and affirm the circuit court.