HUMPHREYS, J.,
concurring, in part, and dissenting, in part.
I concur in the majority’s holding that the issue of whether the circuit court erred in its decision not to set aside the entire regulation is now moot. However, because I disagree with the *92 majority’s conclusion that the circuit court erred in denying Hollowell’s motion for attorney’s fees, I respectfully dissent from the judgment and analysis of the majority with regard to that issue. While I agree with the majority that Hollowell substantially prevailed on the merits of his case, I believe VMRC’s position was not unreasonable and thus, substantially justified. Therefore, I would affirm the circuit court’s denial of attorney’s fees.
The heart of this appeal concerns VMRC’s authority under Code § 28.2-707(D)[12] to close the winter crab-dredging season. As expressly noted by the circuit court, the interpretation of Code § 28.2-707(D) is an issue of first impression in Virginia. VMRC argued that Code § 28.2-707(D) gave it the authority to close the winter crab-dredging season until such a closure is no longer justified by “the conservation of the blue crab.” Although VMRC’s interpretation of the statute was ultimately found to be incorrect, it was not so unreasonable as to warrant an award of attorney’s fees. As the circuit court noted in its denial of Hollowell’s motion for attorney’s fees:
[TJhis was a case of first impression. It involved statutory construction. It involved defining words and phrases and trying to glean intent and not only just for the statute, but also looking at the regulation as well. And I think VMRC’s position was substantially justified ... it was one that needed to work its way through the courts to a court order.
In my view, to hold as the majority implicitly does, that nonfiivolous issues of first impression cannot provide “substantial justification” for an administrative appeal, frustrates the clear intent of the statute and conflicts with our own established *93 precedent. See Motor Vehicle Dealer Bd. v. Morgan, 38 Va.App. 665, 672, 568 S.E.2d 378, 381 (2002) (holding that the Board’s position, although incorrect, was substantially justified as it “had never been tested in court”).
Our rationale in Morgan is precisely the rationale used by the circuit court in this case. Nevertheless, in reversing the circuit court on this issue, the majority redefines the term “substantially justified” from the meaning previously given it by this Court, and equates it to a federal statutory standard of “manifestly contrary to the statute,” as adopted by the Seventh Circuit in Marcus v. Shalala, 17 F.3d 1033, 1038 (7th Cir.1994). My problem with the majority’s approach in this regard is that the award of attorney’s fees in a state administrative appeal is not governed by federal law but by the application of a statutory test consistent with the precedent of both this Court and the Supreme Court of Virginia. To obtain an award of attorney’s fees from an administrative agency in Virginia, Code § 2.2-4030(A) mandates the application of a three-part test. To succeed, a party must “substantially prevail on the merits,” the agency’s legal position must not be “substantially justified,” and “special circumstances” must not make such an award unjust.[13] In my view, by equating the statutory term “substantially justified” to the phrase “manifestly contrary to statute,” the majority ignores our own precedent, which defines the term “substantially justified” as the equivalent of the phrase “not unreasonable.” See Jones v. West, 46 Va.App. 309, 333-34, 616 S.E.2d 790, 803 (2005) (concluding that, although wrong, the Commissioner’s position was not unreasonable and therefore “substantially justified”).[14] *94 While the majority acknowledges the existence of Morgan and West, it ignores their particular relevance to the issue at hand and instead “finds additional guidance” in federal cases interpreting the attorney’s fees provisions of 28 U.S.C. § 2412.[15] In so doing, the majority today effectively modifies, without any attempt to distinguish, our existing precedent and thereby creates a clear conflict in our own jurisprudence on this point. Furthermore, since it is axiomatic that no party should “substantially prevail” whose position is “manifestly contrary to statute,” the majority also effectively eliminates one component of the three-part statutory test for the award of attorney’s fees, such that any party who “substantially prevails” is now entitled to attorney’s fees as a matter of law, so long as special circumstances do not make such an award unjust. Given the plain language of the statute, I do not believe that *95 the General Assembly intended such a result. Thus, I would honor our own existing precedent and affirm the circuit court.

. Code § 28.2-707(D) provides that:
It is unlawful to use a dredge for catching crabs between April 1 and December 1; however, the Commission, when in its judgment it is advisable due to weather conditions or for purposes relating to the conservation of the blue crab and it is not contrary to the public interest, may close a season in its entirety, may open any season as early as November 16, may delay opening any season, may extend any season until April 16 and may close any season early.

. Because I believe VMRC’s position was substantially justified, I need not and do not address the issue of whether special circumstances would make an award of attorney’s fees unjust in this case.

. Moreover, and consistent with our holding in West, I note that the reasonableness of a party’s legal position is also the test used by the United States Supreme Court in several different contexts for the award of attorney’s fees. For example, in civil rights cases, the standard for the award of attorney’s fees is whether a party's legal position is "frivolous, unreasonable, or without foundation," Christiansburg Gar *94 ment Co. v. EEOC, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978), while the standard for the award in a removal action is whether “the removing party lacked an objectively reasonable basis for seeking removal,” Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711, 163 L.Ed.2d 547 (2005) (emphasis added). Indeed, in construing the federal statute that the majority looks to for "guidance,” the Supreme Court has expressly noted that Congress did not want the "substantially justified” standard to "be read to raise a presumption that the Government position was not substantially justified simply because it lost the case.” Scarborough v. Principi, 541 U.S. 401, 415, 124 S.Ct. 1856, 1866, 158 L.Ed.2d 674 (2004).

. I hesitate to quibble with the majority’s characterization of 28 U.S.C. § 2412 as a "parallel federal statute,” but while the Equal Access to Justice Act uses the term "substantially justified,” it does not mandate the award of attorney’s fees as does Code § 2.2-4030(A). Rather, 28 U.S.C. § 2412 only permits an award of attorney’s fees in the district court's discretion. This distinction is important because, as the Supreme Court of the United States has noted, the "abuse of discretion” standard of appellate review inherent in the federal statute permits deferential review to afford "the district court the necessary flexibility to resolve questions involving ‘multifarious, fleeting, special, narrow facts that utterly resist generalization.’ ” Koon v. United States, 518 U.S. 81, 99, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996) (internal citations omitted). It seems to me that the very lack of such flexibility in Code § 2.2-4030(A) militates against the use of 28 U.S.C. § 2412 for "guidance.” Thus, and because I find our own precedent in this regard to be unambiguous and controlling with respect to this issue, I see no need to look elsewhere for "guidance.”